UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMAL SULTAN,

    Plaintiff,

v.                                                                   Case No: 5:21-cv-590-JLB-PRL

RICKY DIXON, Secretary of Florida
Department of Corrections, SHANNON
VARNES, and DOC OFFICIALS,

    Defendants.
_____/

**ORDER**

Plaintiff Jamal Sultan, an inmate of Florida Department of Corrections ("FDOC"), filed this action to challenge an FDOC administrative rule relating to inmate grooming. (Doc. 1.) Defendant Ricky Dixon, Secretary of FDOC, has moved for an extension of time to respond to Mr. Sultan's complaint and to stay the case pending resolution of a case before the United States Court of Appeals for the Eleventh Circuit, Sims v. Secretary, Fla. Dep't of Corr., No. 19-13745. (Doc. 7.) Mr. Dixon contends that the Eleventh Circuit's decision will establish whether the defense of failure to exhaust administrative remedies is available in this action. (Id.) Although Mr. Dixon represents that Mr. Sultan opposes the motion, no opposition has been filed, and the time to do so has expired. (Id. at 6.) Upon careful review, the motion is due to be granted.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). To

determine whether a stay is appropriate, district courts consider factors such as "(1) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; (2) whether a stay will simplify the issues and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." Coatney v. Synchrony Bank, No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315, at *1 (M.D. Fla. Aug. 2, 2016).  Specifically, a stay may be appropriate "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case." Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009).  The stay may not, however, be "immoderate" based on its scope and duration.  See Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000).

Here, Mr. Dixon has demonstrated that a stay is warranted.  Mr. Sultan brings claims under the First and Fourteenth Amendments, asserting that FDOC "is violating the Religious Land Use and Institutionalized Persons Act" by "deny[ing] prisoners the necessary accom[m]odations to engage in activities for the practice of their own religious beliefs."  (Doc. 1 at 6.)  Specifically, he alleges that Chapter 33-602.101 of the Florida Administrative Code, which pertains to inmate care and grooming, "burdens [his] religious beliefs because he is subject to disciplinary action, including solitary confinement, if he refuses to follow FDOC's policy by growing his beard to a fist length (4 inches)."  (Id. at 9.)  Mr. Sultan further alleges that he filed a grievance which was denied, along with his appeal to the Secretary of FDOC.  (Id. at 10, 13–17.)

2

Mr. Dixon "would file a motion to dismiss based upon Plaintiff's failure to fully exhaust his administrative remedies by failing to file a petition to initiate rulemaking challenging Rule 33-602.101, F.A.C. prior to filing suit."  (Doc. 7 at 2); see Fla. Stat. § 120.54(7) ("Petition to Initiate Rulemaking").  As Mr. Dixon correctly observes, that same and potentially dispositive issue is currently before the Eleventh Circuit.  See Appellant's Brief, Sims v. Secretary, Fla. Dep't of Corr., No. 19-13745 (11th Cir. Feb. 7, 2020).  As of this date, briefing in the appeal appears to be completed, and oral argument was held on May 14, 2021.

Because the Eleventh Circuit's decision in Sims "is likely to have a substantial or controlling effect on the claims and issues" here, a stay is warranted. See Miccosukee Tribe of Indians of Fla., 559 F.3d at 1198.  Further, Mr. Sultan has not identified any prejudice he would suffer because of a stay, and none is apparent from the record.  Indeed, this case is in the early stages of litigation, and the requested stay will likely be relatively short in duration and is not "immoderate." See Saleh v. Me Bath Spa Experience, LLC, No. 17-cv-62322, 2018 WL 398325, at *2–3 (S.D. Fla. Jan. 12, 2018).  Lastly, a stay is also warranted to avoid unnecessary expenditures of time and resources and because there is a public interest in judicial economy and efficiency.  See Lopez v. Miami-Dade Cnty., 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015).  In summary, a stay of this case is appropriate.

## CONCLUSION

Defendant Dixon's Time Sensitive Motion to Stay and Motion for Extension of Time (Doc. 7) is **GRANTED** to the extent that this matter and all deadlines are **STAYED** pending the Eleventh Circuit's decision in <u>Sims v. Secretary, Fla. Dep't of Corr.</u>, No. 19-13745. Defendants are **DIRECTED** to immediately notify the Court following the Eleventh Circuit's decision in <u>Sims</u>. The Clerk is **DIRECTED** to place a STAY FLAG on this case and to STAY THIS CASE until further order of this Court.

**DONE AND ORDERED** in Ocala, Florida, this 4th day of March, 2022.

*[signature]*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE